United States District Court
Middle District of Florida
Jacksonville Division

**JOSE M. VAZQUEZ,**

 **Plaintiff,**

v.                NO. 3:25-cv-100-WWB-LLL

**WARDEN WILLIAM SWAIN, ET AL.,**

 **Defendants.**
_____

### Order

 Plaintiff, an inmate of the Florida penal system, is proceeding pro se on a complaint for violation of civil rights, doc. 1, against the Warden of Columbia Correctional Institution (CCI), William Swain; the company contracted to provide medical care for inmates housed in the Florida Department of Corrections (FDC), Centurion; and a doctor, Thomas Winters. Plaintiff alleges he is diabetic, and the FDC and Centurion did not provide him with his prescribed "mesh" medical shoes when he was incarcerated in 2016, which resulted in two surgeries and the amputation of some toes; on a "later" occurrence, he was sprayed with chemical agents and "hog dragged" by chains across a concrete floor, resulting in an infection and additional amputations; Dr. Winters prescribed special shoes about two years ago, which he never received; and sometime in 2024, the "administration" at CCI took his wheelchair away from him and "refuse[d] to re-issue it" or other walking-assistance devices. *See* doc. 1 at 5–7. Based on these allegations, plaintiff identifies the following

purported claims: deliberate indifference to his health and safety by the FDC and Warden Swain; and medical negligence by Centurion and Dr. Winters. *Id.* at 8.

Plaintiff recently filed a notice of inquiry, doc. 5, asking about the status of his case, noting "there has been no action" since he filed his complaint. Plaintiff paid the full filing fee, meaning he is not proceeding in forma pauperis under 28 U.S.C. § 1915. As such, he is responsible for service of process on the defendants. However, the Court concludes that plaintiff has failed to set forth his claims in accordance with federal pleading standards and, thus, will direct him to amend his complaint.

The Federal Rules of Civil Procedure provide in pertinent part, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Additionally, a plaintiff may set forth only related claims in one civil rights complaint; he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting

2

*Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). A court must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. A claim that a prison medical provider was deliberately indifferent to an inmate's serious medical needs is cognizable under § 1983 as an Eighth Amendment violation. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

However, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). As such, a plaintiff must do more than allege the care provided was "subpar or different from what [he] want[ed]." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). A plausible deliberate indifference claim requires allegations that, accepted as true, would permit the reasonable inference the defendant acted with "subjective recklessness as used in the criminal law." *Wade v. McDade,* 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting in part *Farmer*, 511 U.S. at 839).

Even if an inmate plausibly alleges that a prison medical provider was deliberately indifferent to his serious medical needs, he may not, on that basis alone, proceed on a claim against the medical provider's employer because "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). Instead, a supervisor can be liable only when the supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional

4

deprivation. *Cottone*, 326 F.3d at 1360. The requisite "causal connection" is not satisfied simply by "filing a grievance with a supervisory person." *See Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Plaintiff's complaint is deficient in at least the following ways: he seeks to proceed on claims or theories of liability not cognizable under § 1983 (*e.g.*, medical negligence and vicarious liability); he appears to join multiple, unrelated claims based on conduct that occurred at different times, involving different prison officials (and perhaps different correctional institutions); he seeks to proceed on a claim against the FDC, an entity he does not (and cannot on a theory of vicarious liability) name as a defendant; and the claims he seeks to pursue based on discrete conduct or incidents are unclear.

For instance, plaintiff complains that unidentified "staff" caused a foot infection when they dragged him across a concrete floor, but he does not name these individuals as defendants, nor does he say where or when this incident occurred or if any of his identified claims are based on this incident. *See* doc. 1 at 5. (And, to the extent this incident occurred in 2016, any claim arising therefrom likely would be barred by the statute of limitations.) He further alleges he never received the medical shoes Dr. Winter prescribed, but he does not name an individual allegedly responsible, nor does he describe facts that would permit the reasonable inference the oversight or denial constitutes deliberate indifference. *See id.* at 6. Finally, plaintiff does not identify the

person or persons responsible for taking away his wheelchair and denying him walking-assistance devices. *See id.* at 7. He may not sue the Warden, the FDC, or Centurion for these alleged, seemingly negligent, and unrelated acts.

If plaintiff wants to proceed, he must file an amended complaint in compliance with federal pleading standards. He may proceed only on one claim or related claims, and he must explain who did what and how each defendant's actions or omissions caused a constitutional injury. Plaintiff is reminded that he may not proceed on a claim under § 1983 based on theories of vicarious liability or medical negligence.

If plaintiff chooses to amend his complaint, he must submit a complaint that cures the noted deficiencies, and he also must comply with the following instructions:

1. The amended complaint must be marked, "Amended Complaint," and include this case number (**3:25-cv-100-WWB-LLL**).

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of all defendants (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts

giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[1]

6. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

7. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

8. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

---

[1] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

It is **ordered**:

1. The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2. Within **thirty days** of the date of this order, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

3. Plaintiff's failure to comply with this order may result in the dismissal of this case.

**Ordered** in Jacksonville, Florida on July 22, 2025.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Jose M. Vasquez, #469879, pro se
    Union Correctional Institution
    P.O. Box 1000
    Raiford, FL 32083